premium shall be devoted to the establishment of a reserve.

We did not so state and, in fact, found it unnecessary to do so because we found that the evidence is not sufficient to sustain the contention of the defendant that its overhead expense was as great as it contends it was. Had this evidence conclusively shown that its overhead exceeded the 38 per cent., which is the maximum figure which plaintiff contends could be safely adopted, we would then have found it necessary to determine the legal question which would then have been presented. All that we found was that the defendant has not sustained, by proof, its contention that its overhead is as great as it would have us believe.

We see no reason to remand the matter. Both parties presented what appeared at the time to be all the available evidence.

The rehearing applied for is denied.

Rehearing denied.

---

## CHAMPAGNE v. UNITY INDUSTRIAL LIFE INS. CO.
### No. 16055.

Court of Appeal of Louisiana. Orleans.
June 10, 1935.

For former opinion, see 161 So. 52.

Normann & McMahon and Harold M. Rouchell, of New Orleans, for appellant.

J. I. McCain, of New Orleans, for appellee.

PER CURIAM.

In application for rehearing, defendant indicates a fear that our opinion may be accepted as a statement that, in determining how much of each premium an industrial company may find it necessary to apply to its "overhead" expense, or expense of doing business, the actual expenses shown on the books of the company may not be taken into consideration, and that a theoretical maximum percentage of costs to gross premiums cannot be exceeded in determining how much of the